**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

December 14, 2012

MEMORANDUM TO COUNSEL

    Re:    *Standard Bank, PaSB v. Lillian V. Jacobs and Main Street Hangar, LLC*
           Civil Action No. ELH-12-3649
           Civil Action No. ELH-12-3651

Dear Counsel:

      I have reviewed plaintiff's complaints in the two cases referenced above ("the '49 Case" and "the '51 Case"). As you know, in the '49 Case, plaintiff seeks an award of money damages for breach of contract, as well as a writ of replevin with respect to certain items of personalty, based on defendants' alleged default on certain debt instruments. In the '51 Case, plaintiff seeks entry of confessed judgment against the same defendants on the basis of their alleged default on certain debt instruments. There is some overlap with respect to the debt instruments at issue, although each case involves at least some debt instruments that the other case does not.

      The purpose of this Order is to direct plaintiff to address several apparent defects in the complaints and other matters of concern to the Court. Within 21 days after this Order is docketed, plaintiff shall file a submission addressing each of the issues discussed below.

A.  Subject Matter Jurisdiction

      In both cases, plaintiff asserts that this Court has subject matter jurisdiction on the basis of diversity of citizenship, pursuant to 28 U.S.C. § 1332(a). That statute grants jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . *citizens of different States*[.]" *Id.* § 1332(a) (emphasis added). Notably, jurisdiction under § 1332 "requires *complete diversity* among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (emphasis added).

      "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010). The complaints do not sufficiently allege the citizenship of the parties. In particular, plaintiff is a Pennsylvania savings bank, which is a particular type of corporation formed under Pennsylvania state law. *See* 7 Pa. Stat. Ann. § 102(x). Plaintiff is formed under the laws of the Commonwealth of Pennsylvania and has its principal place of business in Monroeville, Pennsylvania. Accordingly, plaintiff is a citizen of Pennsylvania. *See* 28 U.S.C. § 1332(c)(1).

One of the defendants, Ms. Jacobs, is an individual who is domiciled and resides in Cumberland, Maryland. Accordingly, she is a Maryland citizen. However, the other defendant, Main Street Hangar, LLC ("Main Street"), is a Maryland limited liability company ("LLC"). Plaintiff alleges that Main Street is formed under Maryland law and has its principal place of business in Allegany County, Maryland. However, those facts are jurisdictionally irrelevant. The citizenship of an LLC is not determined by its state of incorporation and principal place of business; that is the test for citizenship of a corporation. *See* 28 U.S.C. § 1332(c)(1).

"For purposes of diversity jurisdiction, the citizenship of a limited liability company . . . is determined by the citizenship of all of its members." *Mountain State*, 636 F.3d at 103; *see also Gen. Tech Applications, Inc. v. Exro Ltda.*, 388 F.3d 114, 120 (4th Cir. 2004). Plaintiff has not alleged the identity and citizenship of all of the members of Main Street. If, in fact, all of Main Street's members are citizens of Maryland, then diversity jurisdiction is satisfied. However, if any of Main Street's members is a citizen of Pennsylvania, the Court lacks subject matter jurisdiction over this action. Accordingly, in its submission, plaintiff is directed to clarify the basis of the Court's subject matter jurisdiction.

B.  Consolidation

Given that the subject matter of these two cases is closely intertwined (both cases involve the same parties and at least some of the same debt instruments), it appears to the Court that the cases may involve "common question[s] of law or fact," such that consolidation of the cases may be warranted under Fed R. Civ. P. 42(a)(2). In its submission, plaintiff shall address whether it is appropriate to consolidate the cases.

C.  Confessed Judgment

The '51 Case seeks entry of confessed judgment. However, plaintiff's pleadings in the '51 Case fail to comply with Local Rule 108.1, which governs procedure with respect to confessed judgments.[1]

In particular, a complaint for confession of judgment must be "supported by an affidavit made by the plaintiff or someone on that party's behalf stating the specific circumstances of the defendant's execution of said instrument and including, where known, the age and education of the defendant, and further including the amount due thereunder, and the post office address (including street address if needed to effect mail delivery) of the defendant." Local Rule 108.1(a). Plaintiff's complaint does not include an affidavit as required by the rule.

---

[1] This Court's procedures with respect to confessed judgments under Local Rule 108.1 are "analogous" to the procedures applicable in Maryland state courts under Maryland Rules 2-611 and 3-611. *Sager v. Housing Comm'n of Anne Arundel County*, 855 F. Supp. 2d 524, 553 n.37 (2012).

Accordingly, plaintiff shall submit an affidavit as the rule requires, within 21 days after this Order is entered. Failure to do so may result in dismissal, without prejudice, of the '51 Case.

D.  Replevin

In Count II of the '49 Case, plaintiff seeks a writ of replevin for the prejudgment seizure of personal property held by Main Street, referred to as the "Collateral," over which plaintiff asserts a lien pursuant to a "Commercial Security Agreement" (the "Security Agreement") included as Exhibit 3 to the complaint (ECF 1-4 in the '49 Case). As an initial matter, plaintiff requests that the Court "issue the attached proposed *Order to Show Cause*," but a proposed show cause order is not attached.

Moreover, practice in replevin actions is governed by Maryland Rule 12-601, applicable in this court pursuant to Fed. R. Civ. P. 64. Rule 12-601(c) requires that a complaint for replevin "shall contain," among other things, "a description of the property claimed and an allegation of its value." As to a "description of the property," the complaint states that the Collateral constitutes "all of the assets" of Main Street, with the exception of certain classes of assets, "as more fully described in the Security Agreement." In turn, the Security Agreement grants plaintiff a security interest as to "All" items in a number of broad categories of personal property owned by Main Street, but does not specifically identify any particular item of personal property. Moreover, as to an "allegation of its value," the Complaint states only that the "value of the Collateral exceeds $75,000."

A writ of replevin authorizes an officer of the court (here, the United States Marshal) "to place the plaintiff in possession" of particular items of personal property and, because a writ of replevin is a preliminary, *pendente lite* remedy, the plaintiff is ordinarily required to post "a bond for the satisfaction of all costs and damages that may be awarded to the defendant or a claimant of the property by reason of the possession," if the plaintiff does not ultimately prevail. Md. Rule 12-601(g). The requirement to provide "a description of the property claimed and an allegation of its value," Md. Rule 12-601(c), must be interpreted in light of the objectives of a writ of replevin. Accordingly, in my view, the "description" must identify the property with sufficient specificity to allow the Marshal to know what property to seize, and the "allegation of its value" must be sufficiently precise to allow the Court to determine the appropriate amount of a bond. As currently pleaded, plaintiff's complaint fails to do so.

Accordingly, within 21 days after this Order is docketed, plaintiff shall submit a proposed show cause order and shall amend or supplement its complaint in the '49 Case with a sufficient "description of the property claimed and an allegation of its value" to satisfy Maryland Rule 12-601(c). To the extent that plaintiff is unable to plead Count II with greater specificity in the absence of discovery, plaintiff shall so state, in which case the Court will construe Count II as a request for a writ of detinue (*i.e.*, possession of property after judgment). *See* Md. Rule 12-602.

E.  Post-Judgment Interest

Finally, I note that plaintiff requests entry of money judgments including post-judgment interest at the rate of 10% per annum in both complaints.  Plaintiff does not state the basis for its alleged entitlement to post-judgment interest at the 10% rate.  Under Maryland law, 10% is the legal rate of post-judgment interest on money judgments entered in state courts.  *See* Md. Code (2006 Repl. Vol., 2012 Supp.), § 11-107(a) of the Courts & Judicial Proceedings Article.  However, "[f]ederal law, rather than state law, governs the calculation of post-judgment interest in diversity cases."  *Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 633 (4th Cir. 1999).  The federal post-judgment interest rate is established by 28 U.S.C. § 1961.  It is "a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment," *id.* § 1961(a), and is "compounded annually."  *Id.* § 1961(b).  At the time of this writing, the rate is 0.18% per annum,[2] less than 1/55th of Maryland's rate.

"'[P]arties may contract to, and agree upon, a post-judgment interest [rate] other than that specified in § 1961.'  But to do so, they must specifically contract [using 'clear, unambiguous and unequivocal language'] around the general rule that a cause of action reduced to judgment merges into the judgment and the contractual interest rate therefore disappears for post-judgment purposes."  *In re Riebesell*, 586 F.3d 782, 794 (10th Cir. 2009) (internal citation omitted).  Plaintiff's complaints do not point to specific provisions of the debt instruments at issue that provide for a 10% post-judgment interest rate.  Accordingly, as to plaintiff's confessed judgment claims in the '51 Case and any money judgment ultimate obtained in the '49 Case, plaintiff should be prepared to articulate the basis, if any, for an award of post-judgment interest in excess of the federal post-judgment interest rate specified in 28 U.S.C. § 1961.

As noted, plaintiff's submission in response to this Order is due no later than 21 days after this Order is docketed.  The Court will withhold further review of plaintiff's requests for writ of replevin and entry of confessed judgment, pending receipt of the submission.

Despite the informal nature of this Memorandum, it is an Order of the Court, and the Clerk is directed to docket it as such.


Very truly yours,

/s/

Ellen Lipton Hollander
United States District Judge

---

[2] *See* Federal Reserve Statistical Release H.15 (Selected Interest Rates) (Dec. 10, 2012), *available at* http://www.federalreserve.gov/releases/h15/current/h15.pdf.